**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

BHUPINDER SINGH,

    Plaintiff,

    v.                                                                   No. CV 10-0910 JH/WPL

CURRY COUNTY SHERIFFS OFFICE
REGION IV TASK FORCE,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff's civil rights complaint. Plaintiff was incarcerated when he filed the complaint, appears pro se, and is proceeding in forma pauperis. For the reasons below, Plaintiff's claims against the named Defendants will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal

standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff used an internet "chat line" that was part of an undercover law enforcement operation. Plaintiff was allegedly lured to "conduct a criminal offense," in violation of his rights under the First and Fourth Amendments. He was arrested and prosecuted on state charges of child solicitation by electronic communications device. *See Singh v. Curry County Sheriff's Office*, No. CV 10-0775 JB/LAM, Doc. 1 (D.N.M. Aug. 19, 2010); *Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972) (taking judicial notice of court's own records). During the arrest and prosecution, Plaintiff's computer and cell phone were confiscated. The only relief that the complaint seeks is return of these two items, because they were "obtained by illegal means."

The complaint names the Curry County Sheriffs Office and the Region IV Task Force as Defendants. A sheriff's office, of course, cannot be held separately liable in an action under 42 U.S.C. § 1983 and thus is not a proper defendant. *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (dismissing § 1983 claims against Denver Police Department as non-suable entity), *vacated and remanded on other grounds sub nom. Tyus v. Martinez*, 475 U.S. 1138 (1986) (mem); *see also Stump v. Gates*, 777 F. Supp. 808, 816 (D. Colo. 1991) ("[L]ocal government departments have no greater separate identity from cities than do their officials when they are acting in their official capacities."), *aff'd*, No. 92-1134, 1993 WL 33875, at *3 (10th Cir. Feb. 11, 1993). For purposes of this order, therefore, Plaintiff's claims against Defendants are construed as directed at the county itself.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Curry County Sheriffs Office and the Region IV Task Force are DISMISSED; and Defendants Curry County

Sheriffs Office and the Region IV Task Force are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that and the Clerk is directed to substitute Curry County as the named Defendant, and to issue summons and a copy of the complaint to Defendant.

_____
UNITED STATES DISTRICT JUDGE