## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

BHUPINDER SINGH,

       Plaintiff,

v.                                           CV 10-910 MV/WPL

CURRY COUNTY SHERIFF'S OFFICE,
REGION IV TASK FORCE, CURRY COUNTY,
PHIL CARDLAND, in his Individual and Official
Capacity, and PAUL NELSON, in his Individual
and Official Capacity,

       Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Bhupinder Singh filed a Civil Rights Complaint on September 23, 2010 under 42 U.S.C. § 1983 alleging that the Curry County Sheriff's Office and the Region IV Task Force violated his constitutional rights in obtaining evidence against him to charge him with child solicitation by electronic communications device.  (Doc. 1; *see also* Doc. 6 at 2.)  This Court construed his Complaint as against Curry County.  (Doc. 6.)  This Complaint is now before me on Curry County's Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) (Doc. 9 at 2-3) and Singh's response (Doc. 10).  Singh subsequently filed two Amended Complaints against two individuals based on similar allegations.  (Doc. 13; Doc. 14.)  The Amended Complaints are now before me for review under 28 U.S.C. § 1915(e)(2) and FED. R. CIV. P. 12(b)(6).  For the following reasons, I find that the federal court cannot exercise jurisdiction over Singh's claims.  I recommend that Defendant Curry County be dismissed with prejudice and that the claims against Defendants Phil Cardland and Paul Nelson in their official capacities be dismissed with prejudice.  I further recommend that the remaining

claims be stayed pending the resolution of the state criminal proceedings against Singh.

## BACKGROUND

Singh originally brought suit against the Curry County Sheriff's Office and the Region IV Task Force.  (Doc. 1.)  This Court construed this Complaint as directed against Curry County itself and dismissed Defendants Curry County Sheriff's Office and Region IV Task Force.  (Doc. 6 at 2-3.)  Since that time, Singh has filed additional Complaints against two individuals who are employed by the Curry County Sheriff's Office and the City of Clovis Police Department.  (Doc. 13 at 1-2; Doc. 14 at 1-2.)  The allegations in his Complaints arise from an investigation conducted by the Police Department and Sheriff's Office, which led to a state charge against Singh for child solicitation by electronic communications device.  (Doc. 6 at 2 (taking judicial notice of the court records from *Singh v. Curry County Sheriff's Office*, No. CV 10-0775 JB/LAM (D.N.M. Aug. 19, 2010), Doc. 1).)

In the first Complaint, Singh alleges that he was lured and coerced to commit a crime when he was on a "chat line."  (Doc. 1 at 2-3.)  His stated cause of action is that his right to express or publish his opinions was violated by the actions of Curry County's employees.  (*Id.*)  He also alleges that Curry County's employees illegally searched and seized his property in violation of his Fourth Amendment rights.  (*Id.* at 3.)  As relief, Singh seeks the return of his laptop and cellular telephone.  (*Id.* at 6.)

Curry County moved to dismiss the first Complaint pursuant to FED. R. CIV. P. 12(b)(6), contending that it fails to state a claim upon which relief can be granted.  (Doc. 9 at 1.)  Curry County argues that it cannot be held liable for the allegedly unconstitutional conduct of its employees unless it was the moving force behind the alleged violation.  (*Id.* at 2-3.)  Singh responded, asserting that his Complaint alleged violations by individuals, unknown at the time, who

acted to entrap him and execute a search warrant against him.  (Doc. 10 at 1-3.)  He further states

that "institutional policies were broken when in fact the defendants had a search warrant approved

by a Ninth Judicial district court . . ." and that "law enforcement policy to seek multi task force

approval and boundaries of jurisdiction where [sic] also violated."  (*Id.* at 4.)

Following the filing of the Motion to Dismiss, Singh filed two additional Complaints against

employees of the Curry County Sheriff's Office and City of Clovis Police Department in their

individual and official capacities.  (Doc. 13; Doc. 14.)  Because these Complaints appear related to

the same transaction as alleged in Singh's original Complaint, they were added to this case.  Singh

asserts that Phil Cardland, a criminal investigator with the Curry County Sheriff's Office, and Paul

Nelson, the Chief of Police for the City of Clovis Police Department, violated his constitutional

rights by conducting a criminal investigation during which Singh was allegedly entrapped and a

search warrant was served in the Second Judicial District that had been issued in Ninth Judicial

District.  (Doc. 13 at 2; Doc. 14 at 2.)  He further states that Cardland incarcerated him by illegal

means (Doc. 13 at 4) and that Nelson inflicted cruel and unusual punishment by arresting him,

thereby slandering his name, and by enforcing an illegal law.  (Doc. 14 at 4.)  He states that his

causes of action arise under the Fourth, Eighth, and Fourteenth Amendments.  (Doc. 13 at 3; Doc.

14 at 3-4.)  For relief, Singh seeks compensatory damages and any other relief that the Court deems

appropriate.  (Doc. 13 at 6; Doc 14 at 6.)

## LEGAL STANDARDS

Before a federal court can hear a claim, the court must determine that it has jurisdiction.  The

subject-matter jurisdiction of the federal courts is not implicated where a complaint presents no valid

cause of action.  *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998).  To lack

jurisdiction, the claim must be "so insubstantial, implausible, foreclosed by prior decisions of this

3

Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Id.* (quoting

*Oneida Indian Nation of N.Y. v. Cnty. of Oneida*, 414 U.S. 661, 666 (1974)).  Similarly, courts have

the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)

"at any time if . . . the action or appeal . . . is frivolous or malicious; fails to state a claim on which

relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."

Dismissing a claim as frivolous *sua sponte* is only appropriate where a claim is based on a legal

theory that is indisputably meritless or is founded on factual allegations that are clearly baseless.

*Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir.

2006) (quotation omitted).

Where a federal court has jurisdiction, it has a "virtually unflagging obligation" to exercise

that jurisdiction.  *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1291 (10th Cir. 1999) (quoting *Deakins*

*v. Monaghan*, 484 U.S. 193, 203 (1988)).  However, in certain circumstances, the federal court may

be obliged to abstain if its judgment would interfere with a pending state criminal proceeding.  *Id.*;

*see also Younger v. Harris*, 401 U.S. 37, 41 (1971).  This is based on "a strong federal policy against

federal-court interference with pending state judicial proceedings absent extraordinary

circumstances."  *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431

(1982).

The *Younger* doctrine is a jurisdictional doctrine requiring that the federal court abstain

where the federal proceeding "would (1) interfere with an ongoing state judicial proceeding (2) that

implicates important state interests and (3) that affords an adequate opportunity to raise the federal

claims."  *J.B.*, 186 F.3d at 1291 (citations omitted); *see also Middlesex Cnty. Ethics Comm.*, 457

U.S. at 432; *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003) (citation

omitted).  Only if these criteria are met is abstention warranted.  *J.B.*, 186 F.3d at 1291.  However,

if the criteria are met, unless extraordinary circumstances are present, the federal court cannot exercise jurisdiction over the claims.[1]  *Id.* (quotation omitted); *see also Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (citation omitted).

Though the *Younger* doctrine applies to all cases where the criteria are met, the requested relief determines the outcome of the federal court's abstention.  *Younger* was predicated on a plaintiff's claim requesting injunctive and declaratory relief, 401 U.S. at 40, 41 n.2, but the Tenth Circuit has applied the rationale to cases seeking monetary relief as well.  *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) (citation omitted).  Thus, so long as "a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding[,]" *Younger* is applicable.  *Id.* (citation omitted).  However, the appropriate means to vindicate the purpose of *Younger* depend on the type of relief demanded by the plaintiff.  Where equitable relief is sought, the case must be dismissed without prejudice.  *See id.*  Where damages are sought, on the other hand, the rationale for abstention is satisfied by staying the proceedings in the federal action.  *Id.*; *see also Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996); *Deakins*, 484 U.S. at 201-04 (1988); *Buck v. Myers*, 244 F. App'x 193, 198 (10th Cir. 2004) (unpublished) (citations omitted) ("Where the plaintiff in the federal suit seeks damage relief and the *Younger* factors are met, the district court should *stay* federal proceedings on the damage claims, not dismiss the action altogether.") (emphasis in original).

---

[1] As with any rule, there are exceptions to the mandate that a court abstain from reaching the merits of a case where the *Younger* doctrine applies.  The court need not abstain where the plaintiff faces irreparable injury, the state court proceeding was commenced against the plaintiff in bad faith, or the statute being enforced against the plaintiff is flagrantly unconstitutional.  *Younger*, 401 U.S at 53-54; *Phelps v. Hamilton*, 59 F.3d 1058, 1063-64 (10th Cir. 1995).  Singh has neither alleged that any of these exceptions apply nor stated any facts indicating that an exception might apply.  Thus, I need not consider the exceptions to the applicability of the *Younger* doctrine.

If a court lacks jurisdiction or is required to abstain from exercising jurisdiction, the court may not proceed to rule on the merits of the case. *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) (citing *Steel Co.*, 523 U.S. at 93-102). However, "there is no mandatory sequencing of jurisdictional issues." *Id.* at 431 (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)) (internal quotation marks omitted). Thus, a court may address jurisdictional issues, including lack of subject-matter jurisdiction and abstention pursuant to the *Younger* doctrine, in the order of its choosing.[2]

Finally, as with all pleadings filed by *pro se* individuals, I liberally construe the allegations contained in Singh's Complaints and in his Response to the Defendants' Motion to Dismiss. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992) (citation omitted). However, I must apply the same legal standards applicable to pleadings drafted by counsel. *Id.*

## ANALYSIS

1. *Frivolous Claims*

Before addressing the issue of abstention, I find it appropriate to evaluate Singh's Complaints for frivolousness under 28 U.S.C. § 1915(e) to determine whether the Court has subject matter jurisdiction over these claims. *See Buck*, 244 F. App'x at 198.

Singh has named a government entity and two government employees in their official

---

[2] I recognize that, prior to the Supreme Court's decision in *Sinochem*, the Tenth Circuit stated that "a determination that the district court lacked jurisdiction over a claim moots any other challenge to the claim, including a different jurisdictional challenge. Indeed, we have no power to decide an issue if we lack jurisdiction." *D.L.*, 392 F.3d at 1229 (citation omitted). At the same time, the court also recognized that "[w]e may address jurisdictional issues in any order we find convenient." *Id.* (citation omitted). Since *D.L.*, the Tenth Circuit has held that, though a determination that abstention is necessary means that the court lacks jurisdiction to reach the merits of any claims, the court may address other jurisdictional issues including frivolousness. *Buck*, 244 F. App'x at 198; *see also Ysais v. Children Youth & Family Dep't*, 353 F. App'x 159, 161 (10th Cir. 2009) (unpublished) (approving of the district court's determination that *Younger* abstention was appropriate and of the dismissal with prejudice of all claims as frivolous under 28 U.S.C. § 1915(e)).

capacities as defendants.  (Doc. 1; Doc. 13; Doc. 14.)  To proceed in an action under 42 U.S.C. § 1983 against a local governmental entity, such as a county, based on the conduct of its employees, a plaintiff must do more than allege that the employees violated his constitutional rights.  This is because, under well-settled law, government officials or entities cannot be held liable for the unconstitutional actions of subordinates under a theory of *respondeat superior*. *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1948 (2009) (citations omitted).  Thus, a plaintiff must additionally allege that some policy or custom of the entity was the direct cause or moving force behind the constitutional violation.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, 694 (1978); *see also City of Okla. City v. Tuttle*, 471 U.S. 808, 820 (1985) (citation omitted); *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998) (citations omitted).  Moreover, a mere allegation of some policy or custom will not suffice; the plaintiff's complaint must give the court reason to believe that he could muster factual support for his claim.  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Furthermore, a suit against a government employee in his official capacity is generally treated as a suit against the governmental entity itself.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citation omitted).  As with a suit against the government entity, then, a plaintiff must allege that a policy or custom of the governmental entity played a part in the civil rights violation.  *Id.* (citations omitted); *see also Streptka v. Miller*, 28 F. App'x 823, 829 (10th Cir. 2001) (unpublished) (holding that the district court properly dismissed claims against city police officers in their official capacities because the claims were really claims against the local government and the plaintiff failed to allege "any municipal custom or policy in his complaint . . . ."); *Jantzen v. Hawkins*, 188 F.3d 1247, 1259 (10th Cir. 1999) (stating that a local government unit cannot be liable under § 1983 for

acts of individuals in their official capacities absent a showing that the individual is executing a policy or custom or establishing such a policy through an exercise of final policy-making authority).

In his original Complaint, Singh alleges deprivations by various unnamed individuals. (Doc. 1.)   In his Amended Complaints, he alleges constitutional deprivations by two individual government employees.   He makes no allegation that a policy or custom of Curry County, the Sheriff's Office, or the City of Clovis Police Department was the moving force behind the alleged constitutional deprivation.   He alleges no facts that imply that a policy or custom was the moving force behind the alleged deprivations.   In fact, in his Response to Curry County's Motion to Dismiss, Singh affirmatively states that the conduct complained of was committed in violation of institutional policies.   (Doc. 10 at 3 (asserting that "institutional policies were broken . . ." and "law enforcement policy . . . where [sic] also violated).)

Given that Singh affirmatively asserts that policy was violated and broken by the actions of the government employees, I find that Singh has not stated a cognizable legal claim against Curry County or the individual defendants in their official capacities.   Therefore, I find that his claims against Curry County, Cardland in his official capacity, and Nelson in his official capacity are utterly devoid of merit and frivolous.   I recommend that Curry County and the individuals in their official capacities be dismissed from this cause with prejudice.

Singh's claims against Cardland and Nelson in their individual capacities are not so devoid of merit that they fail to invoke jurisdiction, though the claim of entrapment does merit further discussion.   In general, entrapment is not a constitutional deprivation and so cannot be the basis of a cause of action under 42 U.S.C. § 1983.   *Stokes v. Gann*, 498 F.3d 483, 485 (5th Cir. 2007) (per curium) (holding that entrapment is not a constitutional violation and so cannot be the basis of a § 1983 claim); *Smith v. Lang*, 114 F.3d 1192 (Table), 1997 WL 253190, No. 96-1951 at *2 (7th Cir.

1997) (unpublished) (same); *DiBlasio v. City of New York*, 102 F.3d 654, 656 (2d Cir. 1996) (same); *Giovanetti v. Tomasi*, 25 F.3d 1048 (Table), 1994 WL 198188, No. 93-3555 at *3 (6th Cir. 1994); *Stevenson v. Bales*, 986 F.2d 1429 (Table), 1993 WL 18573, No. 92-3289 at *1 (10th Cir. 1993) ("[E]ntrapment is not a constitutional violation."); *see also United States v. Russell*, 411 U.S. 423, 430 (1973) (stating in the context of a criminal case that alleged entrapment "violated no independent constitutional right of the [defendant].")  However, it is possible for a plaintiff to make out a claim for the deprivation of due process under the Fourteenth Amendment by raising allegations of sufficiently outrageous conduct by law enforcement agents.  *See Hampton v. United States*, 425 U.S. 484, 488-91 (1976); *Russell*, 411 U.S. at 431-32.  Though Singh has not alleged specific conduct in his Complaints, I cannot find that this claim is frivolous because it is not patently obvious that allowing Singh an opportunity to amend his Complaints would be futile.[3]

2.      Younger *Abstention*

Singh has previously admitted that he was charged with criminal conduct, presumably as a result of the investigation that is at issue here.  *Singh v. Curry County Sheriff's Office*, No. CV 10-0775 JB/LAM (D.N.M. Aug. 19, 2010), Doc. 1.  According to the New Mexico Courts Case Lookup system, the state criminal charge against Singh arising from the investigation remains pending.  *State of New Mexico v. Singh*, D-905-CR-201000446 (filed July 6, 2010).  I find it appropriate to take judicial notice of the state criminal docket for the charge against Singh as it appears on the Case Lookup system.  *See* FED. R. EVID. 201 (permitting courts to take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably

---

[3] I note that if Singh is convicted of the criminal charge arising from this investigation, any claim against the Defendants for entrapment might be barred under *Heck v. Humphrey,* since a federal court judgment in Singh's favor would "necessarily imply the invalidity of his conviction or sentence . . . ."  512 U.S. 477, 487 (1994).

be questioned."); *Pittsburg & Midway Coal Mining Co. v. Yazzie*, 909 F.2d 1387, app. B at 1424 ¶ 2 (10th Cir. 1990) (taking judicial notice of a state court record).

Because the state criminal proceeding is ongoing and because Singh has requested that this Court review some aspects of the underlying investigation, I must determine whether I have jurisdiction to consider Singh's claims at this time.  The three criteria requiring abstention under *Younger* are clearly met in this case.  As stated above, the state criminal charges against Singh remain pending and the proceedings are ongoing.  As to the state's interest, state prosecutions of those accused of violating state law unquestionably implicate vital state interests.  *See Hicks v. Miranda*, 422 U.S. 332, 348-49 (1975); *Younger*, 401 U.S. at 43; *Buck*, 244 F. App'x at 197.  Singh will also have the opportunity to litigate his constitutional issues in the state criminal proceedings – he may file a suppression motion arguing illegal search and seizure and he may use entrapment as a defense to the criminal charge.  Furthermore,  I find that I cannot determine whether relief is available under Singh's Complaints without making findings as to whether his constitutional rights were violated, which would have a preclusive effect on the state criminal proceedings.  *See D.L.*, 392 F.3d at 1228.  Thus, abstention under *Younger* is appropriate.

Because I find that *Younger* abstention is warranted and because Singh seeks monetary damages against the remaining defendants, it is not appropriate to dismiss the case without prejudice.  *Id.*  Therefore, I recommend that Singh's Amended Complaints against Cardland and Nelson in their individual capacities be stayed pending the resolution of his pending state criminal proceedings.  I further recommend that Singh be ordered to notify this Court no more than seven days after the criminal proceedings are complete.

RECOMMENDATION

For the foregoing reasons, I recommend that Curry County and Defendants Cardland and Nelson in their official capacities be dismissed with prejudice as defendants in this action.  I further recommend that the claims against Defendants Cardland and Nelson in their individual capacities be stayed pending the resolution of Singh's state criminal proceedings, and that Singh be ordered to notify the Court within seven days of the termination of those proceedings.

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition.  If no objections are filed, no appellate review will be allowed.**

---

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.          11